IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41262
_____

SHAWN ERIC MCGEE,

Plaintiff-Appellant,

versus

D. HORTON, Warden Beto I, ET AL,

Defendants,

UNIDENTIFIED HODGES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-930)

_____

December 29, 1999

Before HIGGINBOTHAM, and SMITH, Circuit Judges, and DUPLANTIER [1],
District Judge.

PER CURIAM[2]:

Shawn Eric McGee, a Texas state inmate, filed a *pro se*
complaint against various correctional officers, including Captain
Weldon Hodges, seeking damages under 42 U.S.C. §1983 for violations
of plaintiff's civil rights, including the failure to protect him
from assaults by other inmates. Pursuant to 28 U.S.C. §636(c)(1),

_____

[1]District Judge of the Eastern District of Louisiana,
sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the parties consented to the conduct of all proceedings by the magistrate judge. The magistrate judge dismissed, as frivolous, all of plaintiff's claims except the claim alleging that Captain Hodges demonstrated deliberate indifference for plaintiff's safety. McGee appealed the dismissal of those other claims; the dismissal was affirmed. *McGee v. Horton*, No. 96-41262 (5th Cir. July 1, 1997). The magistrate judge granted summary judgment in favor of Captain Hodges, the sole remaining defendant, and dismissed plaintiff's suit. Plaintiff appeals.

Ten days before counsel for defendant filed the motion for summary judgment, plaintiff notified the clerk of the district court in writing that his address had changed and provided the clerk with his new address. Plaintiff alleges that he notified defendant's counsel of the change of address; however, the record contains no evidence of such notice. Defendant's counsel elected not to respond to the appeal; hence we assume that he received notice of the address change.

A motion for summary judgment shall "be served at least 10 days before the time fixed for hearing." Fed.R.Civ.P. 56(c). Rule 5(b) of the Federal Rules of Civil Procedure provides that "[w]henever under these rules service is required . . . [it] shall be made by . . . mailing it to the attorney or party at the attorney's or party's last known address[.]"

Defendant served a copy of the motion for summary judgment on plaintiff at his prior address, not at plaintiff's last known address as indicated in the record. It is undisputed that plaintiff did not receive a copy of the motion for summary judgment

prior to the granting of the motion by the magistrate judge.

Because defendant failed to serve the motion for summary judgment upon plaintiff, he had no opportunity to respond to the motion, and thus the summary judgment must be set aside. The judgment granting defendant's motion for summary judgment is reversed. The case is remanded to the district court without prejudice to defendant's right to reurge his motion for summary judgment after providing proper notice of the motion to plaintiff.